UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Copies Mailed/Faxed 5/8/24
Chambers of Vincent L. Briccetti

------------------------------------------------------x
UNITED STATES OF AMERICA             :
                                     :        **ORDER**
v.                                   :
                                     :        19 CR 244-1 (VB)
LUIS ORTIZ,                          :
            Defendant.               :
------------------------------------------------------x



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/8/24

     Pending before the Court is defendant Luis Ortiz's motion for a reduction of his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 821 to the Sentencing Guidelines. (Doc. #85). Amendment 821 took effect on November 1, 2023, and applies retroactively in this case.

     For the reasons set forth below, the motion is DENIED because Ortiz is not eligible for a reduction of his term of imprisonment.

     On October 14, 2020, Ortiz was sentenced principally to 110 months' imprisonment on his guilty plea to conspiracy to distribute and possess and intent to distribute heroin.

     At the time of sentencing, the applicable guideline range was 151-188 months' imprisonment, based on a final offense level of 32 and a criminal history category of III. Ortiz had 5 criminal history points, including 2 "status points" for committing the offense while under a criminal justice sentence, namely, a term of probation supervision imposed in a prior case.

     Part A of Amendment 821 amended Guidelines Section 4A1.1 by eliminating the 2 status points a defendant receives for committing the offense while under a criminal justice sentence, so long as the defendant otherwise has less than 7 criminal history points. As a result, Ortiz now has 3 criminal history points and is in Criminal History Category II, such that his amended guideline range is 135-168 months.[1]

     However, the law does not permit a court to reduce a defendant's term of imprisonment to a term less than the minimum of the amended guideline range. See 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(b)(2)(A) and Application Note 3.[2] Here, because the term of imprisonment imposed (110 months) is well below the minimum of the amended guideline range (135 months), Ortiz is not eligible for a reduction of his term of imprisonment.

---

[1]     Part B of Amendment 821, which created a new Section 4C1.1 with respect to defendants with zero criminal history points does not apply because Ortiz does not have zero criminal history points.

[2]     An exception to this requirement exists when the original term of imprisonment was below the guideline range due to a government motion based on the defendant's substantial assistance to authorities. U.S.S.G. § 1B1.10(b)(2)(B). That exception is not applicable here.

Accordingly, Ortiz's motion for a reduction of his term of imprisonment is DENIED.

Chambers will mail a copy of this Order to defendant at the following address:

Luis Ortiz, No. 86794-054
FCI Allenwood Low
Federal Correctional Institution
P.O. Box 1000
White Deer, PA  17887

Dated: May 8, 2024
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge